UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMION SMITH,

      Plaintiff,

v.

G.A. FOOD SERVICES OF
PINELLAS COUNTY, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY;

      Defendant,

Case No. 2:24-cv-565-KCD-KRH

/

## **ORDER**

Plaintiff Damion Smith alleges that his former employer, Defendant G.A. Food Services of Pinellas County, LLC, violated Title VII and the Florida Civil Rights Act by subjecting him to racial discrimination and sexual harassment, and then firing him when he objected. (Doc. 4.)[1] Smith now moves for summary judgment. (Doc. 56.) But rather than seeking a final ruling on any single count, he wants the Court to contextually isolate a few calendar dates and declare as a matter of law that his suspension and termination constitute adverse employment actions. (*Id.*) Defendant has responded in opposition (Doc. 58), making this matter ripe.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

As an initial matter, Smith's motion is procedurally deficient. Summary judgment is not a game of hide-and-seek where the reviewing court is expected to hunt for the facts. Under this Court's Case Management and Scheduling Order, any party moving for summary judgment must include a "Statement of Material Facts" consisting of separate, numbered paragraphs, each supported by a specific *pinpoint citation* to the record. (Doc. 22 at 4.) Smith's motion completely ignores this directive. Instead of providing pinpoint citations, he offers bare, sweeping references to various exhibits— some of which are not even attached to the filing. (*See* Doc. 56 at 1-2.) As Defendant rightly points out, this omission leaves the Court with no way to discern which facts are genuinely uncontested and which are not. (Doc. 58 at 9-10.)

"[A] district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011). While we read pro se papers with a generous eye, a litigant's unrepresented status does not exempt them from following mandatory procedural orders. *See Moon v. Newsome*, 863 F.2d 835, 837-38 (11th Cir. 1989). Because Smith's motion fails to identify the undisputed record evidence in the manner required, it must be denied for that reason alone.

But even considering the merits, the same result follows. Under the guise of narrowing the issues, Smith first seeks to use Rule 56(g) to slice and

dice the timeline of his final weeks employed with Defendant, pull out the specific dates he likes, and stamp them as legally established "protected activity" and "materially adverse employment actions." (Doc. 56 at 4.) The Court declines the invitation.

To be sure, Rule 56(g) says a district court "may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). But notice the rule speaks to judicial discretion, not a litigant's entitlement. "Rule 56(g) unambiguously permits, but does not require, the Court to enter judgment on discrete factual questions." *Zausner Foods Corp. v. Blandin*, No. 22-22660-CIV, 2024 WL 6960166, at *2 (S.D. Fla. Apr. 10, 2024). Pulling the calendar dates Smith identifies out of the timeline completely strips them of the vital context a factfinder needs to evaluate a Title VII discrimination case. Defendant contends that Smith's suspension and firing were not a linear response to his internal complaints, but rather the culmination of an independent human resources investigation into his own misconduct. Because forcing a clinical, piecemeal timeline onto this litigation would unfairly prejudice the defense and do nothing to help the Court resolve the ultimate question of causation, exercising that discretion here makes no sense.

3

Smith separately asks the Court to exclude Defendant's reliance on certain evidence under Rule 56(c). (Doc. 56 at 4-5.) But Rule 56(c) allows a party to object that material "cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Defendant is not proffering the contested evidence in opposition to Smith's motion. If Defendant relies on these documents in a subsequent filing, Smith is free to raise his authenticity objections. Defendant will then face the burden of showing that the evidence can be presented in an admissible form at trial. For now, asking the Court to bar the identified documents out of hand is premature.

For these reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. 56) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 22, 2026.

Kyle C. Dudek
United States District Judge

4